KATHERINE L. MATTHEWS, COLORADO BAR NO. 53372
Senior Counsel
Environmental Enforcement Section
United States Department of Justice
999 18th Street, South Terrace, Room 370
Denver, Colorado 80202
Telephone: (303) 844-1365
Facsimile: (303) 844-1350
Katherine.Matthews@usdoj.gov

*Attorney for Plaintiff United States*

LAWRENCE G. WASDEN
Attorney General
State of Idaho
DARRELL G. EARLY
Deputy Attorney General
Chief, Natural Resources Division

LISA J. O'HARA, ISB # 7452
Deputy Attorney General
Department of Environmental Quality
1410 N. Hilton, 2nd Floor
Boise, Idaho 83706
Telephone (208) 373-0494
lisa_ohara@deq.idaho.gov

*Attorneys for Plaintiff State of Idaho*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF IDAHO, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | Civil Action No.<br>) |
| P4 PRODUCTION, L.L.C., | )<br>)  COMPLAINT |
| Defendant. | )<br>) |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, and at the request of the United States Environmental Protection Agency (EPA), and the State of Idaho, by the authority of the Idaho Attorney General and through the undersigned attorney, file this complaint and allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action brought under Sections 106, 107, and 113(g)(2)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), as amended, 42 U.S.C. §§ 9606 and 9607, for injunctive relief and recovery of costs incurred and to be incurred in response to releases and threatened releases of hazardous substances into the environment at or from the Ballard Mine Site (Site) located in Caribou County, Idaho.

2.    The State of Idaho seeks additional relief under the Idaho Environmental Protection and Health Act (EPHA), Idaho Code § 39-101, *et seq.*, for certain injunctive relief, declaratory relief, and reimbursement of costs it has incurred and will incur relating to the discharge of hazardous substances at the Site.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331, 1345, and 1367 and Sections 106, 107, and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607, & 9613(b).

4.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

**DEFENDANT**

5. Defendant P4 Production, L.L.C. (Defendant) is a company formed in Delaware and registered to do business in the State of Idaho, and a wholly-owned subsidiary of the Monsanto Company, which is a subsidiary of Bayer AG.

6. Defendant is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Defendant currently owns the Site.

**STATUTORY BACKGROUND**

8. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

9. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

10. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)   the owner and operator of a vessel or a facility

* * *

      shall be liable for –

    (A)    all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

    11.    Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

    12.    Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides: "In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

    13.    The Idaho Environmental Protection and Health Act, Idaho Code §39-108, provides *inter alia* that:

> …any person who has determined to have violated the provisions of this act or the rules, permits, or order promulgated hereunder, shall be liable for any expense incurred by the state in enforcing the act, or in enforcing or terminating any nuisance source of environmental degradation, cause of sickness or health hazard.

## **GENERAL ALLEGATIONS**

    14.    The Site is a former open-pit phosphate mine located in the Phosphate Resource Area of southeastern Idaho.  The Site is located approximately thirteen miles north of Soda Springs, Idaho, in Caribou County.  To manage cleanup operations of the Site, EPA has divided response actions for the Site into portions referred to as "Operable Units."

15. On September 24, 2019, EPA issued a Record of Decision for Operable Unit 1 that called for, among other things, an engineered cover system over more than 500 acres of the Site where wastes are left in place, a series of permeable reactive barriers to intercept and treat contaminated groundwater, and wetland treatment cells to treat contaminated residual seeps and springs.

16. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

17. There has been a "release" or a "threatened release" of "hazardous substances," including selenium and heavy metals, into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

18. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

19. The United States has incurred at least $300,000 as of August 31, 2019, in response costs with respect to the Site that have not been reimbursed. These response costs are not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

20. The State of Idaho has incurred and will continue to incur response costs within the meaning of CERCLA Section 107(a), which are not inconsistent with the National Contingency Plan, and expenses within the meaning of Idaho Code §39-108 associated with responding to and terminating a nuisance, source of environmental degradation, cause of sickness or health hazard associated with the Site.

**FIRST CLAIM FOR RELIEF**
*Cost Recovery Under CERCLA Section 107*

21. Paragraphs 1 through 1920 are re-alleged and incorporated herein by reference.

22. Defendant owns the Site, which is a facility, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

23. Hazardous substances have been released at and from the Facility into the environment within the meaning of Sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

24. The United States' actions in response to the release or threatened release of hazardous substances from the Facility constitute "removal" and "remedial" actions as defined by Sections 101(23) and 101(24) of CERCLA, 42 U.S.C. §§ 9601(23) and 9601(24), for which the United States has incurred costs.

25. Defendant is therefore liable under Section 107(a)(1) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(1), 9613(g)(2), for all costs incurred and to be incurred by the United States and the State of Idaho in response to releases and threatened releases of hazardous substances at and from the Site.

**SECOND CLAIM FOR RELIEF**
*Injunctive Relief Under CERCLA Section 106*

26. Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

27. EPA has determined that there is or may be an imminent and substantial endangerment to the public health and welfare or the environment because of actual or threatened releases of hazardous substances at or from the Site.

28. EPA has determined that the response actions selected in the Record of Decision are necessary to abate the danger or threat at or from the Site.

29.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendant is liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

30.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendant is liable to undertake the response actions as described in the Record of Decision for the Site.

## THIRD CLAIM FOR RELIEF
*Response Costs/Expenses Under State Law*

31.     Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

32.     Pursuant to Idaho Code § 39-108(6), Defendant is liable to the State of Idaho for all expenses incurred by Idaho in connection with investigating and terminating a nuisance or source of environmental degradation, sickness or health hazard.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment in favor of Plaintiffs and against the Defendant, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred and to be incurred by the United States relating to the Site, including enforcement costs and prejudgment interest;

B.      Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606(a), requiring the Defendant to perform the response actions as described in the Record of Decision for the Site;

C.      Enter a declaratory judgment on Defendant's liability that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

      D.      Order the Defendant to reimburse Plaintiff State of Idaho for all cleanup and removal costs Plaintiff State of Idaho has incurred and will incur at the Site, with applicable interest;

      E.      Enter a declaratory judgment against the Defendant for all cleanup and removal costs Plaintiff State of Idaho may incur at the Site; and

      F.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

s/ Katherine L. Matthews
KATHERINE L. MATTHEWS
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street, Suite 370
Denver, Colorado 80202
303-844-1365
Katherine.Matthews@usdoj.gov

RAFAEL M. GONZALEZ, JR.
Acting United States Attorney
CHRISTINE G. ENGLAND
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, ID 83712-7788
Telephone: (208) 334-1211
Facsimile: (208) 334-1414
Email: Christine.England@usdoj.gov

LAWRENCE G. WASDEN
Attorney General
State of Idaho
DARRELL G. EARLY
Deputy Attorney General
Chief, Natural Resources Division


s/ Lisa O'Hara
LISA O'HARA
Deputy Attorney General
Office of the Attorney General
Environmental Quality Section
1410 N. Hilton – 2nd Floor
Boise, ID 83706
Telephone: 208.373.0494
Email: Lisa_Ohara@deq.idaho.gov

9